UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRADLEY DRUMMOND,

Petitioner,

v.

NETHANJAH BREITENBACH, *et al.*,

Respondents.

Case No. 3:24-cv-00504-ART-CLB

ORDER

This habeas corpus action was initiated *pro se* by Bradley Drummond, who is incarcerated at Nevada's Lovelock Correctional Center on convictions, following a jury trial, in Nevada's Eighth Judicial District Court (Clark County). (*See* ECF No. 6 (*pro se* habeas petition).) Drummond is serving a sentence of life in prison without the possibility of parole for first degree murder and a consecutive sentence of 10 to 25 years in prison for sexual assault. (*Id.* at 2.)

The Court appointed counsel for Drummond (ECF No. 5), and entered a scheduling order (ECF No. 10), which granted Drummond an opportunity to file an amended habeas petition with the benefit of counsel. Drummond's amended petition was due on May 1, 2025. (ECF No. 10.)

On March 27, 2025, Drummond filed a motion for leave to conduct discovery, requesting leave of court to serve subpoenas on the Las Vegas Metropolitan Police Department ("LVMPD") and the Clark County District Attorney's Office ("CCDA"), to obtain materials the prosecution disclosed or made available to Drummond's trial counsel in pretrial proceedings. (ECF No. 11.) According to Drummond, his appointed counsel has attempted to obtain such material from his trial and appellate attorneys but has been unable to do so, as they apparently have not preserved all such material in their files. (*Id.* at 2, 7; *see also* ECF No. 12-1 (declaration of Jacqueline Marchi).) Respondents filed an

opposition to Drummond's motion (ECF No. 15), and Drummond filed a reply (ECF No. 16).

Rule 6(a) of the Rules Governing § 2254 Cases provides that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure ...." In *Bracy v. Gramley*, 520 U.S. 899 (1997), the Supreme Court held that Rule 6 is to be applied consistently with its prior opinion in *Harris v. Nelson*, 394 U.S. 286 (1969), which expressly called for the adoption of the rule. 520 U.S. at 904, 909. In *Harris*, the Supreme Court held that "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. at 300. In *Bracy*, a unanimous Supreme Court overturned a decision denying discovery where the petitioner's claim of judicial bias in his particular case was based on "only a theory," where the claim was "not supported by any solid evidence" with regard to the theory, and where the Supreme Court expressly noted that "[i]t may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support" the theory. 520 U.S. at 908–09. The Ninth Circuit Court of Appeals has held—consistent with *Bracy* and *Harris*—that discovery is available to habeas petitioners, at the discretion of the district court judge, in cases where the discovery sought might provide support for a claim. *See*, *e.g.*, *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005); *Jones v. Wood*, 114 F.3d 1002, 1009 (9th Cir. 1997); *see also Osborne v. District Attorney's Office*, 521 F.3d 1118, 1133 (9th Cir. 2008), rev'd on other grounds, *District Attorney's Office v. Osborne*, 557 U.S. 52 (2009) (in discussing *Jones*, the court reinforced the point that a court should allow discovery that only "may establish" a factual basis for the petitioner's claim).

In his motion, Drummond explains that the information that he seeks by means of the discovery he proposes might provide support for his allegations that he is innocent, that the crimes were committed by another person, that he was suffering suicidal ideation and mental health problems when he was interrogated by police, and that he was interrogated in violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). (ECF No. 11.) Drummond explains, further, that materials disclosed to his trial counsel by the prosecution, but not now available because his former counsel did not preserve the material in their files, would bear on potential claims based these allegations. (*Id.*)

Similar to part of the discovery sought in *Jones*, Drummond seeks this discovery in order to recreate his own files. *See Jones*, 114 F.3d at 1009. In *Jones*, the court held that the district court erred in denying the petitioner's request to obtain materials from his trial lawyer, his pretrial investigator, and the prosecutor in his case to reconstruct his files. *Id.* Drummond likewise seeks materials that he had or that were available to him before trial, but that he does not now have because his former attorneys apparently did not preserve his files. Drummond makes clear that he does not seek to develop new evidence. (*See, e.g.*, ECF No. 11 at 7 ("To be clear, Drummond is not seeking new evidence or new testing. Rather, it is critical for Drummond to know the evidence the police generated in his case. All these documents would have been provided to Drummond during normal discovery.").)

Citing *Shinn v. Ramirez*, 596 U.S. 366 (2022); *Cullen v. Pinholster*, 563 U.S. 170 (2011); *Kemp v. Ryan*, 638 F.3d 1245 (9th Cir. 2011); and other authority, Respondents argue that Drummond's motion should be denied, because under 28 U.S.C. § 2254(e)(2), any evidence obtained would not be admissible to support his claims. (ECF No. 11 at 3–4.) However, those cases did not involve a petitioner's attempt to reconstruct his own files because of his former attorneys' failure to preserve them. The Court determines that section 2254(e)(2) does not

preclude the discovery sought by Drummond. The Court exercises its discretion to grant Drummond's motion, in the interests of justice, to allow Drummond a fair opportunity to recreate his files—which apparently were not preserved by his former counsel—so that he might be able to substantiate habeas claims and assert those claims in a counseled amended petition.

The Court finds, however, that the discovery requests Drummond proposes (ECF No. 11 at 2, 7–8) are overbroad. There is no showing of a need to serve subpoenas on both the LVMPD and the CCDA to obtain the material he seeks. And furthermore, the discovery requests Drummond suggests could be construed to call for material withheld from pretrial disclosure for legitimate reasons. The Court will grant Drummond leave of court to serve upon the CCDA a subpoena to obtain a complete copy of the discovery that office disclosed to his trial counsel and/or material made available to his trial counsel.

The Court does not here reach the question whether any material obtained by Drummond in response to the subpoena will ultimately be admissible under 28 U.S.C. § 2254(e)(2) to support his claims. Moreover, the Court does not here make any comment regarding the procedural viability or merit of any of Drummond's claims. These issues will be addressed in due course, after Drummond has an opportunity to attempt to reconstruct his files and an opportunity to file an amended petition with the benefit of counsel.

It is therefore ordered that Petitioner's Motion for Leave to Conduct Discovery (ECF No. 11) is granted in part and denied in part. Petitioner is granted leave of court to serve upon the Clark County District Attorney's Office a subpoena to obtain a complete copy of the discovery that office disclosed to his trial counsel and/or material made available to his trial counsel.

It is further ordered that Petitioner must serve the subpoena upon the Clark County District Attorney's Office within 14 days from the date of entry of this order.

1    It is further ordered that Petitioner must file a notice informing the Court
2 of the Clark County District Attorney's Office's response to the subpoena within
3 7 days after receiving such response.

4    It is further ordered that Petitioner's motions for extension of time to file
5 his amended petition (ECF Nos. 17, 19) are granted. The Court will set a new
6 deadline for the filing of Petitioner's amended petition when appropriate after
7 Petitioner receives the Clark County District Attorney's Office's response to his
8 subpoena.

10    DATED THIS 5th day of August, 2025.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE